UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Commercial Recovery Corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>American Financial Credit Services, Inc.,<br><br>　　　　Defendant. | Court File No. 1:13-CV-0177<br>(SEB/TAB)<br><br>**CASE MANAGEMENT PLAN** |

**I.　Parties and Representatives**

　　A.　Plaintiff:  Commercial Recovery Corporation

　　　　Defendant: American Financial Credit Services, Inc.

　　B.　**Counsel for Plaintiff:**

　　　　Gregory J. Myers
　　　　LOCKRIDGE GRINDAL NAUEN P.L.L.P.
　　　　100 Washington Avenue South, Suite 2200
　　　　Minneapolis, MN 55401
　　　　Telephone: 612-339-6900
　　　　Facsimile: 612-339-0981
　　　　gjmyers@locklaw.com

　　　　*Co-Counsel for Plaintiff*

　　　　Shawn M. Perry
　　　　PERRY & PERRY, P.L.L.P.
　　　　Parkdale Plaza, Suite 336
　　　　1660 Highway 100 South
　　　　Minneapolis, MN  55416
　　　　Telephone:  952-546-3845
　　　　Facsimile:  952-546-3855
　　　　shawn.perry@pppllp.com

　　　　*Co-Counsel for Plaintiff*

1

>Arend J. Abel (10763-49)
>Michael J. Blinn (28473-49)
>COHEN & MALAD, LLP
>One Indiana Square, Suite 1400
>Indianapolis, IN 46204
>Telephone: 317-636-6481
>Facsimile: 317-636-2593
>aabel@cohenandmalad.com
>mblinn@cohenandmalad.com
>
>*Co-Counsel for Plaintiff*

**Counsel for Defendant:**

>Peter S. Veregge (pro hac vice)
>CISLO & THOMAS LLP
>1333 2nd Street, Suite 500
>Santa Monica, California 90401
>(310) 451-0647
>(310) 394-4477 (fax)
>pveregge@cislo.com
>
>*Co-Counsel for Defendant*
>
>Todd G. Vare
>BARNES & THORNBURG LLP
>11 South Meridian Street
>Indianapolis, IN 46204
>(317) 236-1313
>(317) 231-7433 (Facsimile)
>tvare@btlaw.com
>
>*Co-Counsel for Defendant*
>
>Counsel shall promptly file a notice if there is any change in this information.

**II.     Synopsis of Case**

>A.     Statement of plaintiff's claims, including relevant facts, legal theories, basis for subject matter jurisdiction, and an estimate of damages.

**Plaintiff Commercial Recovery Corporation ("CRC") is the assignee and owner of U.S. Patent No. 7,167,839, entitled a "Collection Agency Data Access Method." Application for the '839 Patent was made on November 5, 1999 and it was issued on January 23, 2007. The '839 Patent, as described in its Abstract, is an account data access method allowing access to an agency account database, such as that of a collection agency, over a network by agency affiliates and clients of the agency.**

**CRC hired Kevin Layne to develop the method claimed in the '839 Patent.  CRC invested substantial sums of money to implement the method and practiced the invention from 1999 until its business failed in 2011.**

**The subject matter of the '839 Patent, among other things, provides for the secure access to a client's accounts using a web browser over the internet as set forth in detail in the claims of the '839 Patent. In this matter, CRC is asserting that Defendant CU Recovery, Inc., has infringed the '839 Patent and CRC therefore is seeking declaratory and injunctive relief and damages, as well as other remedies.**

**Defendant has counterclaimed for a declaration of non-infringement and invalidity.  Plaintiff denies the Counterclaims.**

**This Court has jurisdiction pursuant to on the patent laws of the United States, 35 U.S.C. §§ 271 and 281-285, as well as 28 U.S.C. §§ 1331 and 1338(a).**

**Plaintiff does not have an estimate of damages at this time as discovery will be required to determine damages.**

**Defendant makes a number of assertions in Section IIB, which are in the nature of argument and not relevant to the Rule 16 conference. Regardless, Plaintiff feels compelled to respond as follows:**

**(1)     CRC is not a non-practicing entity.  Indeed, it contracted for and used the invention in its business for years.**

**(2)     CRC disagrees with Plaintiff's contention that the patent is invalid.**

**(3)     CRC objects to a stay of this action and notes that Defendant has not filed a motion for a stay nor does it provide a legal basis for such a stay.  Any request for a stay should be made by motion with the opportunity for briefing.**

        **(4) Defendant argues the pending summary judgment motion in *Commercial Recovery Corp. v. Bilateral Credit Corp.*, Case No. 12-CV-5287 (S.D.N.Y.) should influence the scheduling of this case. The summary judgment was contested by CRC and until and unless there is a ruling, should not interfere with the scheduling of this action.**

        **(5) CRC does not believe an early summary judgment motion is appropriate and is prepared to discuss the same at the conference on May 31.**

B.    Responsive statement of defendant's claims, including <u>relevant</u> facts, legal theories, affirmative defenses, counterclaims, subject matter jurisdiction, and damages.

        **Defendant American Financial Credit Services, Inc. ("AFCS") is a collection agency in Indianapolis.**

        **Plaintiff CRC is a non-practicing entity. CRC had its license revoked on May 1, 2012, and had a receiver for liquidation appointed on November 6, 2012. Even though CRC has been suing numerous collection agencies for infringement of the '839 Patent, the receiver is taking the net proceeds of these suits and turning them over to Village Bank, a Minnesota banking corporation that made a loan to CRC, which CRC secured with its assets. Although the Order Appointing Receiver allowed CRC to retain possession and control of the '839 Patent, the receiver may petition the court to take possession of the patent: (a) if CRC's actions in the '839 Patent litigation are insufficient to protect the public interest, or (b) when CRC's loan to Village Bank has been repaid.**

        **AFCS is, therefore, considering joining Village Bank and/or the receiver to this action, as they are the apparent real-party(s)-in-interest for this suit. AFCS needs to conduct further research as to this issue.**

        **AFCS has asserted affirmative defenses and counterclaims for noninfringement and invalidity of the '839 Patent. As to invalidity, the patent application was filed in November 1999, during the latter stages of the Internet boom and just four months prior to the peak of the dot-com stock market bubble. Yet CRC asserts that the '839 Patent's method of implementing secure remote access to a client account database over the Internet was novel. But by January 1998, banking institutions had done essentially the same thing with Internet banking. Other collection agency clients were remotely accessing collection agency databases over the Internet as early as 1997, and by**

4

**other means since the 1980's.  And by 1997, companies like Oracle were providing solutions like the Web Application Server for the express purpose of connecting database applications to the Internet.**

**Thus, the '839 Patent is invalid as being anticipated and obvious under 35 U.S.C. §§ 102 and 103.  Defendants in other cases, such as *Commercial Recovery Corp. v. Bilateral Credit Corp.*, Case No. 12-CV-5287 (S.D. N.Y.), have disclosed a multitude of prior art to CRC, including programs used by other collection agency software providers, which significantly predate the '839 Patent's invention date.  In addition, the '839 Patent comprises methods that are invalid under 35 U.S.C. § 101 as lacking patentable subject matter.  For these reasons, the *Bilateral* defendant filed a motion for summary judgment of invalidity; briefing was complete on May 10, and the parties are awaiting the court's decision.**

**AFCS believes that this case is ripe for a similar summary judgment motion, and seeks the Court's guidance as to how soon such a motion would be entertained.  Discovery should not be necessary, since CRC already considered and responded to the prior art during the *Bilateral* summary judgment motion.**

**Alternatively, as discussed below in Section VI, "Other Matters," AFCS proposes staying this case until the *Bilateral* summary judgment motion is decided.  On May 31, AFCS is prepared to discuss whether a motion for a stay should be filed.**

**This court has subject matter jurisdiction 28 U.S.C. §§ 1331 and 1338(a).**

**AFCS believes that no damages are warranted in this case.**

### III. Pretrial Pleadings and Disclosures

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **June 17, 2013** [no later than **120 days** from Anchor Date].[1]

B. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **June 30, 2013** [no later than **150 days** from Anchor Date].

C. **Plaintiff proposes that** Plaintiff(s) shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before **July 31, 2013** [no later than

---

[1] Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action.  If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

5

**150 days** from Anchor Date][2] **which is 181 days from the Anchor date. Defendant proposes that case management plan should comply with the recommended dates in the Court's standard case management plan, which is 150 days from the Anchor Date, or June 30, 2013.**

**Plaintiff requests the additional time in order to conduct preliminary discovery to determine the scope of the infringement of the claims in the '839 Patent. While Plaintiff has in good faith determined that Defendant is infringing at least Claims 1 and 21, discovery is required to determine whether other claims are infringed. The information needed to make the determination is solely within the control of Defendant. Accordingly, Plaintiff has proposed that the preliminary infringement contentions are due 30 days beyond the Court's standard plan to allow for adequate time for both parties to conduct the preliminary discovery. Plaintiff proposes that all other subsequent dates be extended by an equal amount of time (as adjusted to avoid deadlines falling on weekends or holidays). Plaintiff believes the request for additional time is consistent with the policy underlying footnote 2(b) below which is reproduced from the Court's standard case management plan.**

**Defendant opposes Plaintiff's request to extend the dates of the standard case management plan ("CMP"), which was designed by the Court to move patent cases along. To the extent that the Court does not stay this case to await the ruling in the *Bilateral* summary judgment motion, Defendant wishes to move this case along so that it may file its own summary judgment motion. Plaintiff could have sought an early meeting with Defendant to commence discovery to comply with the standard CMP schedule, but failed to do so.**

**For the Court's convenience, the remainder of this Plan will list the Plaintiff's requested dates (which add approximately 31 days to the standard CMP schedule) and the Defendant's requested dates (which adhere to the standard CMP schedule).**

The Disclosure of Asserted Claims and Preliminary Infringement Contentions shall contain the following information:

1. Each claim of each patent in suit that is allegedly infringed by each opposing party;

---

[2] Notes about additional suggestions not incorporated into this document:
(a) For complex cases, consider adding "preliminary noninfringement contentions" at the same deadline as "preliminary invalidity contentions" and adding "validity contentions" between the deadlines for "preliminary invalidity contentions" and "exchange list of claim terms to be construed"; and
(b) For cases in which the accused product is not readily available (*e.g.*, source code), additional time should be permitted for "preliminary infringement contentions."

2. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3. A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

4. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

6. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

   a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

   b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date; and

       c.      A copy of the file history for each patent in suit.

      The producing party shall separately identify by production number which documents correspond to each category.

D.    Defendant(s) shall serve Preliminary Invalidity Contentions on or before **Plaintiff proposes September 16, 2013**, **Defendant proposes August 14, 2013** [no later than **195 days** from Anchor Date].

    Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(l) of any of the asserted claims.

    With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, and other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Plaintiff's Claim Chart; (b) A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

E.    The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the court and identify any claim

    element which they contend should be governed by 35 U.S.C 112(6) on or before **Plaintiff proposes October 1, 2013, Defendant proposes August 29, 2013** [no later than **210 days** from Anchor Date]. The parties shall thereafter meet and confer for the purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

F.     The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **Plaintiff proposes October 21, 2013, Defendant proposes September 18, 2013** [no later than **230 days** from Anchor Date]. If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **Plaintiff proposes October 25, 2013, Defendant proposes September 23, 2013** [no later than **235 days** from Anchor Date].

G.     On or before **Plaintiff proposes October 21, 2013, Defendant proposes September 18, 2013** [no later than **230 days** from Anchor Date] the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall for each element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. By the same date, the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not produced. With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

H.     Within **10 days** after service of the statements of preliminary claim construction, the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

I.     If plaintiff(s) identified a *Markman* expert, plaintiff(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before **Plaintiff proposes November 29, 2013, Defendant proposes October 28, 2013** [no later than **270 days** from Anchor Date].

J.     If defendant(s) identified a *Markman* expert, defendant(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after plaintiff(s)

    serves its expert witness disclosure; or if none, defendant(s) shall make its expert disclosures on or before **Plaintiff proposes December 30, 2013, Defendant proposes November 27, 2013** [no later than **300 days** from Anchor Date].

K.    The parties shall file a Joint Claim Construction Statement on or before **Plaintiff proposes January 9, 2014, Defendant proposes December 7, 2013** [no later than **310 days** from Anchor Date] if a *Markman* expert is identified or no later than **Plaintiff proposes November 12, 2013, Defendant proposes October 8, 2013 [250 days** from Anchor Date] if a *Markman* expert is not identified. The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

L.    A settlement conference before the assigned magistrate judge or, if the parties prefer, private mediation, will be held approximately **10 days** after the parties file the Joint Claim Construction Statement.

M.    *Markman* Briefing

Track 1

The parties shall file initial *Markman* briefs on or before **Plaintiff proposes January 29, 2014, Defendant proposes December 27, 2013** [no later than **330 days** from Anchor Date] if a *Markman* expert is identified or no later than **Plaintiff proposes November 30, 2013, Defendant proposes October 28, 2013** [**270 days** from Anchor Date] if a *Markman* expert is not identified and reply *Markman* briefs **30 days** later.

N.    The parties should anticipate that a *Markman* hearing will be held approximately **Plaintiff proposes March 12, 2014, Defendant proposes February 10, 2014** [no later than **375 days** after the Anchor Date] if a *Markman* expert is identified or no later than **Plaintiff proposes January 13, 2014, Defendant proposes December 12, 2013** [**315 days** from Anchor Date] if a *Markman* expert is not identified].

O.    Not later than **15 days after the court's *Markman* decision**, the court shall set a case management plan conference at which Phase II dates and trial date will be set.

P.    Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall: (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and

10

        (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.  This will be completed on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

        A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which shall be entered only upon a showing of good cause.

Q.     A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that the court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed on or before _____ [within **30 days after the court's *Markman* decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

R.     Plaintiff(s) shall serve (but not file with the court) on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* a statement of damages to be sought at trial, if any, and make a settlement demand. Defendant(s) shall serve (but not file with the court) a response thereto within **30 days** after receipt of the demand.

S.     All parties shall file and serve their final witness and exhibit lists on or before _____ [no later than **30 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*. **These lists shall be updated (narrowed) every 30 days until trial witness lists are filed.** The final witness lists shall include a brief description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel.

T.     On or before _____ [no later than **60 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement believes in good faith that the court's Claim Construction Ruling so requires.

U.     Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly

permitted herein, may be made only by order of the court, which shall be entered only upon a showing of good cause.

V. On or about _____ [**120 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] all fact discovery shall be completed

W. The party with the burden of proof on an issue shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before _____ [**no later than 150 days after the Markman ruling**].  The party not bearing the burden of proof shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before _____ [**30 days after the opposing party serves its expert witness disclosure**]; or if the party with the burden of proof has disclosed no experts, the opposing party shall make its expert disclosure on or before [**no later than 180 days after the Markman ruling**].

X. If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 60 days** prior to the dispositive motion deadline.  If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

Y. All dispositive motions shall be filed on or before _____ [**210 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* and shall be briefed pursuant to Local Rule 56-1.

Z. All expert discovery shall be completed on or before _____ [**210 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

AA. Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect as soon as practicable, but in no event later than _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

BB. Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before _____ [**120 days prior to trial -** *Note: no date*

*needs to be supplied for this subparagraph until after the Markman ruling*]; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

CC. The court will schedule a case management conference approximately **320 days after the court's *Markman* decision**.

DD. Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting. (also available in MS Word on the court's website at www.insd.uscourts.gov/Judges/CMP_info.htm.)

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**The parties have conferred about ESI and do not believe there will be sufficient volumes of ESI in this case to require the use of the Court's ESI Supplement.**

**(1) The parties agree that if ESI is produced, it will be produced electronically (e.g., on CD or DVD discs or portable hard drives) in its native format so long as that format is of a commonly used and easily readable type without the need for specialized or uncommon software. The parties specifically agree that documents produced in Outlook, PDF, TIFF, JPEG, Word, Excel, PPT (PowerPoint) and WordPerfect formats are of common format which do not require specialized or**

**uncommon software to read. The parties agree that electronic documents in formats other than those specifically identified above will be produced in both their native format and in hard copy (paper) or PDF format.**

**Notwithstanding the above, to the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements, including providing the data in load files readable with litigation support software.**

**Defendant does not believe the Parties should produce metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed) unless a requesting party can show a justifiable need for such information and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the requested documents. Plaintiff believes that metadata should be produced if it determines after meeting and conferring that load files should be exchanged.**

**(2)     As more fully explained below in section VI, AFCS believes that this case should be stayed until Bilateral's summary judgment motion for invalidity is decided. Alternatively, if a stay is not issued, as noted above in section II.B, and explained in detail below in section VI, AFCS would like to move for summary judgment of invalidity as soon as possible, and seeks the Court's guidance as to when such a motion would be entertained.   Plaintiff opposes Defendant's requests in this regard.**

**(3)     The parties agree to the Court's proposed claw back provision above.**

**(4)     The parties plan on filing a Protective Order with the Court in the very near future, to protect the parties' confidential information.**

## IV.     Referral to Magistrate Judge

At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial. [If the parties consent to the referral of this case to the Magistrate Judge, they must file signed consents.  Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment.  If no objection is filed, the consent will remain in effect.]

## V.     Required Pre-Trial Preparation

14

    A.    **SIXTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

1. File a list of witnesses who are expected to be called to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

    3.    Submit all stipulations of facts in writing to the court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

    4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the court and copy to all opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

    5.    Provide all other parties and the court with any trial briefs, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the court, with proposed findings of fact and conclusions of law).

    6.    File any motions in limine, which shall be briefed according to Local Rule 7-1.

    7.    Notify the court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **THIRTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

       1.      Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

       2.      If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the court's immediate attention to allow adequate time for editing of the deposition prior to trial.

       3.      File any objections to proposed instructions and *voir dire* questions submitted by the opposing parties.

       4.      Notify the court and opposing counsel of requests for separation of witnesses at trial.

## VI.      Other Matters

Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

The parties shall agree that:  (A) drafts of expert reports **will not** be retained and produced; and (B) inquiry **is not** permitted into who, if anyone, other than the expert participated in the drafting of his/her report.  The court will not entertain motions on these two issues.  In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

At the final pretrial conference, the parties will inform the court whether the parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Exhibit numbering shall, to the extent possible, be maintained with a single and unique exhibit number throughout the entire case. A party first marking a document as an exhibit (whether with a pleading or declaration, for a deposition or trial, or otherwise) shall mark it, and the parties shall cooperatively track which documents are so marked, and shall thereafter use that exhibit numbering for all purposes. While it is preferable to have exhibits marked sequentially, the parties may also agree to ranges of exhibit numbers for their respective, initial marking. If the

same document is marked with more than one exhibit number inadvertently, such multiple exhibit numbers shall remain. The parties are not to mark exhibits as letters, but may, and are encouraged to, mark related documents (such as duplicates with different bates numbers, or related versions of the same document) with numbers followed by letters (e.g. Exh. 7, Exh. 7-A, and Exh. 7-B).

[Insert any other matters any party believes should be brought to the Court's attention]

**AFCS Additional Considerations**

**Defendant AFCS is concerned that it will be forced to expend significant resources to engage in lengthy litigation, when this case may be dispositively decided early on, either by this court or another court.  AFCS is similarly situated as the defendant in another case brought by plaintiff CRC,** *Commercial Recovery Corp. v. Bilateral Credit Corp.***, Case No. 12-CV-5287 (S.D. N.Y.) ("***Bilateral***").  In** *Bilateral***, the defendant moved for summary judgment of invalidity under 35 U.S.C. §§101, 102, and 103.  Briefing was complete on May 10, and no hearing was held, so the parties are awaiting the court's ruling.  Bilateral cited prior art that would invalidate all the patent claims.  But CRC only asserted Claims 1 and 21, and has taken the position that the court may only rule as to those asserted claims.**

**To the extent that CRC is asserting Claims 1 and 21 in this litigation, it would serve both judicial and party economy to stay this case until the** *Bilateral* **court has ruled on the motion for summary judgment.  If the** *Bilateral* **court grants the motion, then it resolves this case as well.  See** *Pharmacia & UpJohn Co. v. Mylan Pharms., Inc.***, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (district court finding of invalidity creates collateral estoppel in other cases, regardless of appeal).  Even if CRC asserts additional claims in this case, a ruling of invalidity in** *Bilateral*—**especially as to the only independent claim, Claim 1—would support this Court's finding of invalidity of the dependent asserted claims, because the asserted prior art extends to all the '839 Patent claims.  Thus, it behooves this Court to stay the case until the** *Bilateral* **court rules.**

**If the court is not inclined to stay this case, CRC should be required to identify its asserted claims without delay, so that AFCS may move for summary judgment based on the prior art asserted in the** *Bilateral* **case.  In such a situation, AFCS proposes that the parties adhere to the default schedule set forth in the model Case Management Plan ("CMP"), rather than delay that schedule to allow CRC to engage in extensive, and expensive, discovery.**

**This is not a case where delay is required for infringement contentions, such as source code analysis.  In its other cases, CRC has neither requested nor received source code prior to the summary judgment motions.  CRC should already have conducted sufficient investigation to be able to assert its** *preliminary* **infringement**

17

**contentions without significant discovery, which is why the model CMP imposes early dates for such disclosures. To the extent that CRC has failed to conduct such investigation, it calls into question CRC's basis to file a complaint against AFCS under Rule 11.**

**Plaintiff's Additional Considerations**

**As discussed above, Plaintiff objects to the protocol suggested by Defendant and will be prepared to discuss those issues at the conference on May 31.**

/s/ Gregory J. Myers
Gregory J. Myers
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
gjmyers@locklaw.com

*Co-Counsel for Plaintiff*

/s/ Shawn M. Perry
Shawn M. Perry
PERRY & PERRY, P.L.L.P.
Parkdale Plaza, Suite 336
1660 Highway 100 South
Minneapolis, MN 55416
Telephone: 952-546-3845
Facsimile: 952-546-3855
shawn.perry@pppllp.com

*Co-Lead Counsel for Plaintiff*

/s/ Arend J. Abel
Arend J. Abel (10763-49)
Michael J. Blinn (28473-49)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
aabel@cohenandmalad.com
mblinn@cohenandmalad.com

*Co-Counsel for Plaintiff*

**Counsel for Defendant:**
/s/ Peter S. Veregge
Peter S. Veregge (pro hac vice)
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
(310) 451-0647
(310) 394-4477 (fax)
pveregge@cislo.com

*Co-Counsel for Defendant*

/s/ Todd G. Vare
Todd G. Vare
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
(317) 231-7433 (Facsimile)
tvare@btlaw.com

*Co-Counsel for Defendant*

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON MAY 31, 2013 FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT |

| | | |
|---|---|---|
| | _____ .M., ROOM _____. | |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: | |
| | | _____ IN PERSON IN ROOM _____; OR |
| | | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR |
| | | _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____. |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN. | |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


Date: _____, 2013                    _____
                                                                          THE HONORABLE TIM A. BAKER
                                                                          UNITED STATES MAGISTRATE JUDGE
                                                                          U. S. District Court
                                                                          Southern District of Indiana