# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| APPLIED INNOVATION, INC., a Washington corporation; and ARMADA CORP., a Washington corporation,<br><br>Plaintiffs,<br><br>-vs-<br><br>COMMERCIAL RECOVERY CORPORATION, a Minnesota corporation,<br><br>Defendant. | No. CV-11-00330-JPH<br><br>ORDER ON PLAINTIFFS' SECOND MOTION FOR SUMMARY JUDGMENT AND RESETTING DEFENDANT'S MOTION TO COMPEL<br>**ACTION REQUIRED** |

BEFORE THE COURT is Defendant's motion to compel, **ECF No. 99**, and Plaintiffs' second motion for summary judgment, pursuant to Fed. R. Civ. P. 56, filed May 30, 2013, **ECF No. 74**. Defendant filed a response in opposition to summary judgment June 20, 2013, ECF No. 85, and Plaintiffs replied, ECF No. 93. The Court heard argument on Plaintiffs' summary judgment motion July 31, 2013. Rex B. Stratton appeared on behalf of Plaintiffs. Gregory J. Myers appeared on behalf of Defendant. The parties consented to proceed before magistrate judge. ECF No 22.

Plaintiffs' second summary judgment asks the court to invalidate the '839 Layne Patent. Plaintiffs primarily allege prior art references invalidate the '839 Patent as both

anticipated and obvious. After review the Court **denies** Plaintiffs' second motion for summary judgment, **ECF No. 74**. Defendant's motion to compel, **ECF No. 99, is reset to September 13, 2013 at 6:30 p.m**. without argument.

## I. SUMMARY JUDGMENT STANDARD

The grant or denial of summary judgment in patent cases is analyzed utilizing the law of the circuit. *Lexion Med., LLC v. Northgate Techs., Inc*., 641 F.3d 1352, 1358 (Fed. Cir. 2011). To prevail, the moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Campbell v. State Dep't of Soc. and Health Servs.,* 671 F.3d 837, 842 (9th Cir. 2011). The Court must view the evidence in the light most favorable to the nonmoving party: "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (1986).

## II.  DISCUSSION

As relevant here, patents must involve patentable subject matter (§101), be novel (§102) and nonobvious (§103). 35 U.S.C.A. Pt. II. Patents are presumed valid. 35 U.S.C.A. §282. It is the challenger's burden to establish invalidity with "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. Partnership*, 564 U.S., 131 S.Ct. 2238, 2246, 2249, 2252 (2011).

A. Is the subject matter of the '839 Patent eligible under §101?

The Court intends to grant summary judgment *sua sponte* on this issue because Plaintiffs failed to timely raise it and, even had they done so, the method in dispute is not abstract. *See Ultramercial, Inc., and Ultramercial, LLC, v. HULU, LLC and Wildtangent, Inc*., 2013 WL 3111303, *2 (C.A.Fed. (Cal.)). Pursuant to Federal Rule of Civil

Procedure 56(c), **Plaintiffs are hereby given ten (10) days' notice of the Court's intent to enter summary judgment on this issue *sua sponte* and Plaintiffs have an opportunity to present new evidence** as required by FRCP 56(c); *United States v. Grayson*, 879 F.2d 620, 625 (9th Cir. 1989); *Koninklijke Phillips Electronics N.V., v. Cardiac Sci. Operating Co.*, 590 F.3d 1326, 1332 (Fed. Cir. 2010).

35 U.S.C. § 101 includes as a patentable subject "any new and useful process" or "any new and useful improvement thereof," 35 U.S.C. § 101. Process means "process, art, or method, and includes a new use of a known process." 35 U.S.C. § 100(b). Congress plainly contemplated that the patent laws would be given wide scope, to ensure that "ingenuity should receive a liberal encouragement." *Bilski v. Kappos (Bilski II)*, 561 U.S. __, 130 S.Ct. 3218, 3225 (2010)(internal citations omitted); 35 U.S.C.A. § 101.

There are only three categories of subjects ineligible for patents: laws of nature, physical phenomena and abstract ideas, as stated by the U.S. Supreme Court. *Mayo v. Collaborative Servs. v. Prometheus Labs, Inc.,* __ U.S. __, 132 S.Ct. 1289, 1293 (2012); *Bilski II,* 130 S.Ct. at 3225 (2010). As noted, the method in dispute is not abstract. The '839 Patent involves multiple steps "that depend on sophisticated software running on particular machines to permit the claimed method to be performed" and which "could *not* be performed solely as a mental process," according to Dr. Wills. Defendant is correct that when all steps can be performed in the mind, which is not the case here, the subject is not patentable. *See CyberSource v. Retail Decisions*, *Inc.*, 654 F.3d 1366, 1372-73 (Fed. Cir. 2011).

Every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary. And, any attack on an issued patent based on a

challenge to the eligibility of the subject matter must be proven by clear and convincing evidence. *See e.g., Ultramercial, Inc.,* 2013 WL 3111303, *2 (C.A.Fed. (Cal.)); *CLS Bank Int'l v. Alice Corp.*, ___ F.3d ___, 2013 WL 1920941, *33 (Fed. Cir. May 10, 2013). .

The Board of Patent Appeals and Interferences found the subject matter eligible and resulted in the PTO issuing the Layne '839 Patent on January 23, 2007. Plaintiffs fail to show the subject matter of the '839 Layne Patent is ineligible for patent protection. Absent new evidence, the Court intends to grant summary judgment in favor of Defendant on this issue.

B. <u>Did prior art references anticipate the '839 Patent under §102?</u>

Consistent with the statute and case law, Dr. Wills defines "anticipated" as meaning each of the elements of the '839 Patent are present in a prior art reference. ECF No. 87 at p. 6. Relying on Dr. Wills' review of the record and the documents submitted by Plaintiffs, Defendant asserts that not only are many of the references not "prior to" the '839 Patent, but more importantly, Plaintiffs cite no reference that contains each of the elements of the claims of the '839 Patent, as required to establish anticipation. ECF No. 85 at pp. 16-21; *Eli Lilly & Co. v. Zenith Goldline Pharms, Inc.*, 471 F.3d 1369, 1375 (Fed. Cir. 2006).

Anticipation is a question of fact, including whether an element is inherent in the prior art. *In re Gleave*, 560 F.3d 1331, 1334-35 (Fed. Cir. 2009), citing *Eli Lilly & Co. v. Zenith,* 471 F.3d at 1375. Genuine issues of material fact with respect to anticipation preclude summary judgment. *Koninklijke*, 590 F.3d at 1333-34; s*ee e.g. Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1332 (Fed. Cir. 2009)(holding that genuine issues of

material fact with respect to anticipation, obviousness, and lack of enablement precluded summary judgment).

Here, there is a genuine issue of material fact as to the content of the prior art and the scope of the patent, as more fully discussed below. The level of ordinary skill is not in material dispute.

Plaintiffs allege each of four named systems (Bilateral, Ontario, Columbia Ultimate and CDS) is a valid prior art reference that anticipated the '839 Patent, as is the Evans application. Plaintiffs allege the '839 Layne invention was both "known and used" as a system years earlier, and is described in the product materials of these four companies at the time. ECF No. 93 at 4-6.

Defendant lists five references that are not "clearly and convincingly *prior to* the '839 Patent's invention date," and so should not be considered by the Court as "prior" art with respect to either anticipation or obviousness. ECF No. 85 at p. 16. Defendant is correct that these references present at least a factual issue whether they were actually prior to the '839 Patent's invention date:

    (a)    PA05 (Garrison ECF No. 81-13, filing date 9/3/98);

    (b)    PA06 (Buhle, ECF No. 81-14, filing date 8/4/99);

    (c)    PA14 (Stokum, ECF No. 81-22, provisional date 9/9/99, filed 5/18/2000);

    (d)    PR03a (<u>WinDebt</u> reference, ECF No. 81-26), PRO3b (<u>Collection Works</u> reference, ECF No. 77-12), and PRO3 (<u>DAKCSNET</u> reference ECF No. 81-27): all 3 have a publication date of October 1998;

    (e)    <u>CollectOne</u> (Kim affidavit) never used methods claimed to be prior until "late 1998," ECF No. 80 at ¶¶ 13-16, well after the '839 invention.

Defendant is also correct that the Court already held there is not clear and convincing evidence the Evans application is prior to the '839 Patent's invention date. Plaintiffs' references cited above also are not clearly and convincingly prior to the '839 Patent's invention date.

Moreover, Plaintiffs also fail to establish, for purposes of this motion, publication prior to the invention date. An alleged infringer must persuade the trier of fact by clear and convincing evidence that the reference was published prior to the invention date. *Mahurkar v. C.R. Bard, Inc.,* 79 F.3d 1572, 1578 (Fed. Cir. 1996).

The party alleging prior "publication" must show the materials were sufficiently publicly accessible or disseminated. Defendant accurately observes a reference is proven to be a printed publication "upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." ECF No. 85 at p. 17, citing *In re Wyer,* 655 F.2d 221, 226 (C.C.P.A. 1981)(internal quotation omitted). Plaintiffs fail to adequately show that the exhibits, comprising internal manuals and a master's thesis, were published (sufficiently accessible to those in the field) as required.

The discrepancies between each of the four claimed anticipatory prior references and the '839 Patent are discussed in turn.

**BILATERAL** – Dr. Wills refers to this as "PR05." ECF No. 87 at ¶¶67-72. He opines the Bilateral system does not perform "processing database access requests with a network server from a user process controlled by a remote user, as recited by Claim 1 of

the '839 Patent." ECF No. 87 at ¶69. For purposes of this motion, Plaintiffs fail to offer clear and convincing evidence the Bilateral reference anticipates the '839 Patent. See ECF No. 86 at Ex. 3; ECF No. 89 at ¶32, p. 10.

**ONTARIO** – Dr. Wills refers to the Ontario system as "PR11." ECF No. 87 at pp. 32-33, ¶82-84; Defendant's Statement of Facts, ECF No. 89 at p. 11. Plaintiffs rely on excerpts from an officer manager manual. Dr. Wills opines there is no indication the system contains "a network server processing database access requests, as taught by Claim 1 of the '839 Patent." For summary judgment purposes Plaintiffs fail to show this reference clearly anticipated the '839 Patent.

**COLUMBIA ULTIMATE** – Dr. Wills refers to this system as "PR12a" (Client Access Logon system, Exhibits A through H) and "PR12," the remaining exhibits to the James Adamson declaration (Exhibits I-J). ECF No. 87 at ¶85-89; ECF No. 89 at ¶34. "PR12a": This system does not provide a network server that processes database access requests as taught by Element 1B in Claim 1 of the '839 Patent, according to Dr. Wills. "PR12b": Dr. Wills opines neither of these website exhibits provides what is taught by Claim 1 of the '839 Patent, and therefore they also do not anticipate the '839 Patent. Assuming for summary judgment purposes Dr. Wills is correct, and based the lack of clear and convincing evidence proffered by Plaintiffs, Plaintiffs fail to show Columbia Ultimate is a prior art reference that anticipated the '839 Patent.

**COLLECTION DATA SYSTEMS, INC. (CDS)** Dr. Wills refers to this reference as OWAS. ECF No. 87 at ¶90-94; *See* ECF No. 89 at ¶36. Exhibit B contains excerpts from the Oracle Web Application Server (OWAS) Handbook. Dr. Wills opines CDS did not release a version with features taught in Claim 1 of the '839 Patent until

after the November 1999 filing of the '839 Patent. ECF No. 87 at ¶92, and the remaining exhibits do not contain what is taught by Claim 1 and Claim 2 of the '839 Patent. If Defendant's evidence is believed, Plaintiffs fail to show this reference anticipates the '839 Patent. The proffered evidence falls far short of clear and convincing.

EVANS APPLICATION – The Court has already ruled whether the Evans '139 application antedates the Layne '839 Patent is a disputed issue of material fact. ECF No. 52 at 6.

At a minimum there is a factual issue whether some of the listed references can be considered "prior" art as the dates do not provide clear and convincing evidence that the referenced art was prior to the '839 Patent's invention date. And, the content of the prior art and the scope of the '839 patent are genuine issues of material fact that are in dispute.

Summary judgment is precluded when there are disputes over facts that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Here, there are disputes over facts that might affect the outcome of the suit under governing patent law, such as whether the cited prior references can be considered "prior" art. *See e.g., Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578 (Fed. Cir. 1996)(alleged infringer must persuade trier of fact by clear and convincing evidence that reference was published prior to the invention date); the content of the prior art references and the scope of the '839 Patent.

C. <u>Do prior art references render the '839 Patent obvious under §103?</u>

Dr. Wills states "obvious" means "it would have been obvious to one skilled in the art [here, two years computer programming experience and/or a two year college education in computer science and a year of experience in networking and database

management," ECF No. 87, citing ECF No. 85 at p. 19], to combine features of the alleged prior art as alleged by Plaintiffs to provide in combination the subject matter recited in the claims of the '839 Patent. ECF No. 87 at ¶21.

Defendant notes that, unlike anticipation, "obviousness" is question of law based on underlying facts. To be obvious as a matter of law, the combined prior art references must include all the limitations of the patented design. ECF No. 85 at 22, citing *KSR Intern. Co. v. Teleflex, Inc.* 550 U.S. 398 (2007). An invention is not obvious "where vague prior art does not guide an inventor toward a particular solution." ECF No. 85 at pp. 22-23, citing *Bayer Scherling Pharma AG v. Barr Labs, Inc.*, 575 F.3d 1341, 1347 (Fed. Cir. 2009).

"The ultimate judgment of obviousness is a legal determination." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 426-27 (2007). The *KSR* Court went on to discuss what was not in material dispute in that case:

"Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate." *KSR*, 550 U.S. at 427.

However, the "obviousness of the claim" in this case is not apparent. The content of the proffered prior art references is in dispute, as is the scope of the patent claim (although as noted the level of ordinary skill in the art is not disputed).

Plaintiffs assert "simultaneous inventions" establish strong evidence of obviousness. ECF No. 93 at p. 13. This assumes underlying facts that are disputed.

///

Teaching away

A reference may be said to teach away when a person of ordinary skill, upon reading the reference, would be discouraged from following the path set out in the reference, or would be led in a direction divergent from the path that was taken by the applicant. ECF No. 85 at p. 23, citing *In re Gurley*, 27 F.3d 551, 552 (Fed. Cir. 1994). A prior art reference must be considered in its entirety, including portions that would lead away from the claimed invention. ECF No. 85 at p. 24, citing *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1552 (Fed. Cir. 1983).

In response, Defendant notes Plaintiffs fail to identify any agency that did what Layne's did at the same time or before. ECF No. 85 at p. 25. Defendant also asserts, based on Dr. Wills' opinion, each of Plaintiffs' named references actually *teach away* from the '839 Patent "because the collection agencies, in possession of the same references and knowledge at the time that are presented here, chose methods that differed from the '839 Patent or even failed to make the combinations" Plaintiffs now claim are obvious. ECF No. 85 at p. 27. Referring to CDS, Dr. Wills notes: "while the handbook describes OWAS functionality and Kim had purchased the tools in 1997 with clear motivation [to] use it, the lack of eventual use by CDS for CollectOne suggests that it would not have been obvious to someone with ordinary skill in the art how to use these tools to create the method taught by Claim 1 of the '839 Patent. This outcome shows that simply having pieces does not mean it is obvious how they fit together to teach the method of the '839 Patent." ECF No. 87 at ¶ 106. On its face there is no error in Dr. Wills' teaching away analysis. Defendant states that either the "failure of Plaintiffs' evidence to meet their heavy burden or Dr. Wills' expert conclusions alone," viewed in

the light most favorable to Defendant is an adequate basis for a reasonable juror to determine that the '839 Patent is nonobvious. ECF No. 85 at 30.

Defendant's evidence, if believed, would show Plaintiffs fail to establish a combination of prior art references that include all the limitations of the '839 Patent, as required for obviousness under §103. See *KSR*, 550 U.S. at 418-19. The content of the prior art and the scope of the '839 Patent are disputed issues of material fact.

D. Swearing behind the '839 Patent filing date under 102(g).

Plaintiffs refer to establishing the date of conception of the invention. ECF No. 93 at pp. 10-13.

The party challenging the validity of an issued patent has the burden of proving that the patentee's invention date *does not* precede the date of the alleged prior art reference. *Mahurkar*, 79 F.3d at 1578 (alleged infringer must persuade trier of fact by clear and convincing evidence that reference was published prior to invention date).

This Court has already ruled there is a disputed issue of material fact whether the Evans application is prior to the '839 Patent's invention date. ECF No. 52 at 6. The additional references relied on by Plaintiffs and discussed herein, similarly present at least a factual issue as to whether they are "prior" art.

E. Is the '839 Patent is invalid for failing to properly name all inventors?

Defendant's briefing does not address this issue because Plaintiffs raised it for the first time in their reply. Plaintiffs alleges Robert Nielsen's declaration raises "a new and critical issue" because Nielsen states he was actively involved "in the invention and procurement of the software and hardware … in 1998 and 1999." Reply, ECF No. 93 at pp. 13-14. As Defendant observed at oral argument, Plaintiffs take this comment entirely

out of context, as Mr. Nielsen was referring to financing the invention. This allegation does not provide a basis for summary judgment.

### III. CONCLUSIONS

The Court has reviewed the record and heard the arguments of counsel. Defendant, as the opposing party, has the burden of establishing that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T. W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

After viewing the facts and inferences in the light most favorable to Defendant, this Court finds Defendant demonstrates a genuine issue of material fact for trial, because the facts in contention are material, that is, might affect the outcome of the case, and present a genuine issue for trial, because a rational trier of fact could find in Defendant's favor.

**IT IS THEREFORE ORDERED**:

Plaintiff's second motion for summary judgment, **ECF No. 74**, is **DENIED**.

**IT IS FURTHER ORDERED**

Defendant's motion to compel, **ECF No. 99, is reset to September 13, 2013 at 6:30 p.m.** without oral argument.

The pretrial conference remains set March 14, 2014 at 11 a.m. A four day jury trial will begin March 24, 2014, in Yakima, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED this 14th day of August, 2013.

*s/ James P. Hutton*

JAMES P. HUTTON

UNITED STATES MAGISTRATE JUDGE