# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Commercial Recovery Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>American Financial Credit Services, Inc.,<br><br>    Defendant. | Court File No. 1:13-CV-0177<br>(SEB/TAB)<br><br>**AMENDED PROPOSED**<br><br>**CASE MANAGEMENT PLAN** |

**I.**    **Parties and Representatives**

    **A.**    Plaintiff: Commercial Recovery Corporation

        Defendant: American Financial Credit Services, Inc.

    **B.**    **Counsel for Plaintiff:**

        Gregory J. Myers
        LOCKRIDGE GRINDAL NAUEN P.L.L.P.
        100 Washington Avenue South, Suite 2200
        Minneapolis, MN 55401
        Telephone: 612-339-6900
        Facsimile: 612-339-0981
        gjmyers@locklaw.com

        *Co-Counsel for Plaintiff*

        Shawn M. Perry
        PERRY & PERRY, P.L.L.P.
        Parkdale Plaza, Suite 336
        1660 Highway 100 South
        Minneapolis, MN 55416
        Telephone: 952-546-3845
        Facsimile: 952-546-3855
        shawn.perry@ppllp.com

        *Co-Counsel for Plaintiff*

    Arend J. Abel (10763-49)
    Michael J. Blinn (28473-49)
    COHEN & MALAD, LLP
    One Indiana Square, Suite 1400
    Indianapolis, IN 46204
    Telephone: 317-636-6481
    Facsimile: 317-636-2593
    aabel@cohenandmalad.com
    mblinn@cohenandmalad.com

    *Co-Counsel for Plaintiff*

**Counsel for Defendant:**

    Peter S. Veregge (pro hac vice)
    CISLO & THOMAS LLP
    1333 2nd Street, Suite 500
    Santa Monica, California 90401
    (310) 451-0647
    (310) 394-4477 (fax)
    pveregge@cislo.com

    *Co-Counsel for Defendant*

    Todd G. Vare
    BARNES & THORNBURG LLP
    11 South Meridian Street
    Indianapolis, IN 46204
    (317) 236-1313
    (317) 231-7433 (Facsimile)
    tvare@btlaw.com

    *Co-Counsel for Defendant*

    Counsel shall promptly file a notice if there is any change in this information.

**II.**    **Synopsis of Case**

    **A.**    Statement of plaintiff's claims, including relevant facts, legal theories, basis for subject matter jurisdiction, and an estimate of damages.

        **The Parties submitted their statement of claims and defenses as part of the Case Management Plan submitted to the Court on May 24, 2013. Because the Court and the parties discussed those**

2

    **topics at the scheduling conference on May 31, 2013, the parties will refrain from repeating that information here.**

 **B.** Responsive statement of defendant's claims, including <u>relevant</u> facts, legal theories, affirmative defenses, counterclaims, subject matter jurisdiction, and damages.

    **See Part II.A. above.**

**III.** <u>Pretrial Pleadings and Disclosures</u>

 **A.** The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 13, 2013**.[1]

 The Parties disagree about the conduct of discovery, specifically whether phased discovery should be used in this case, with liability first, followed by damages and willfulness. The Parties set forth their respective positions below:

 <u>**Plaintiff Commercial Recovery Corp.**</u>

 **Plaintiff proposes that discovery already served shall be deemed served as of date this Case Management Plan is entered by the Court, with responses due in accordance with the Federal Rules of Civil Procedure. Defendant shall offer dates for the noticed deposition its Rule 30(b)(6) witness(es) no later than twenty-one (21) days after this Case Management Plan is entered by the Court.**

 **Plaintiff objects to the phased discovery proposed by Defendant.**

 <u>**Defendant American Financial Credit Services**</u>

 **Defendant proposes that discovery shall be conducted in phases, with the first phase directed to liability (infringement, claim construction, and validity), and the second phase directed towards damages and willfulness. The first phase discovery may commence upon the entry of this Case Management Plan. The second phase shall commence upon the conclusion of the Markman proceedings, which will be either the issuance of the Court's Markman order or the filing of a Joint Claim Construction Statement where no construction disputes remain. For**

---

[1] Fed. R. Civ. P. 26(a)(1)(E) permits the parties to object to making initial disclosures or to stipulate to a different deadline for making such disclosures based upon the circumstances of the action. If any objection and/or stipulation is made to initial disclosures in the CMP, the parties shall briefly state the circumstances justifying their respective positions.

3

**any discovery propounded in the first phase, it shall be a valid objection that the request or deposition question/topic is premature because it seeks information or documents that are solely related to damages and willfulness. During the second phase, both liability and damages discovery are allowed.**

[In an email dated August 4, 2013, Defendant American Financial Credit Services, Inc. (AFCS) proposed phased discovery described above to Plaintiff CRC. That email also identified numerous CRC discovery requests (Interrogatories 3-7, Requests for Production 2-5 and 7-9, and 30(b)(6) topic 3) as damages-related. During a telephonic conference between counsel on August 5, 2013, the parties discussed phased discovery. Despite AFCS's email suggesting otherwise, CRC's counsel maintained that its discovery was targeted towards liability.

Last week, CRC said it was not interested in phased discovery, but instead wants responses to its outstanding discovery.

AFCS proposes phased discovery because liability—specifically validity—is going to be a very significant issue, as AFCS has amassed a great deal of prior art. Thus, liability should be addressed before the parties move on to costly damages and willfulness discovery. The rationale for doing so is articulated in *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305; 2013 U.S. App. LEXIS 12005, *39 (Fed. Cir. June 14, 2013) (en banc) (expressly authorizing courts to determine liability in advance of damages and willfulness). "Modern patent damages trials, <u>with their attendant discovery</u>, are notoriously complex and expensive. As the district court put it, 'discovery disputes related to document production on damages and the Daubert motion practice related to damages experts are a drain on scarce judicial resources.'" *Id.* at *28. To that end, damages and willfulness discovery should be postponed or sequenced in order that liability, if any, is determined first.

At this time, AFCS is not requesting bifurcation of the trial, but merely a phased discovery plan to allocate the judicial and party resources in a logical sequence. If necessary, AFCS is willing to file a motion to formally request phased discovery.

Assuming that the Court agrees with phased discovery, AFCS proposed that discovery begin anew, so as not to prejudice CRC's outstanding discovery requests, much of which are damages-related. But CRC indicated it would like to maintain its outstanding discovery, subject to appropriate objections as to prematurity if the Court implements phased discovery. In such case, AFCS would propose that CRC's discovery be

deemed served as of the date this Revised Case Management Plan is entered.]

**B.** All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **September 20, 2013**.

**C.** Plaintiff(s) shall serve Disclosure of Asserted Claims and Preliminary Infringement Contentions on or before **December 16, 2013.**

The Disclosure of Asserted Claims and Preliminary Infringement Contentions shall contain the following information:

1. Each claim of each patent in suit that is allegedly infringed by each opposing party;

2. Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

3. A Plaintiff's Claim Chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

4. Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

5. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

6. If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

5

       With the "Disclosure of Asserted Claims and Preliminary Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

    a. Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

    b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date; and

    c. A copy of the file history for each patent in suit.

       The producing party shall separately identify by production number which documents correspond to each category.

**D.** Defendant(s) shall serve Preliminary Invalidity Contentions on or before **January 30, 2014**.

Each party opposing a claim of patent infringement shall serve on all parties its "Preliminary Invalidity Contentions," which must contain the following information: (a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be

identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s); (b) Whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified; (c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(l) of any of the asserted claims.

With the "Preliminary Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying: (a) Source code, specifications, schematics, flow charts, artwork, formulas, and other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its Plaintiff's Claim Chart; (b) A copy of each item of prior art identified which does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

E.  The parties shall simultaneously exchange lists of claim terms, phrases, or clauses which they contend should be construed by the court and identify any claim element which they contend should be governed by 35 U.S.C 112(6) on or before **February 14, 2014.**  The parties shall thereafter meet and confer for the purposes of finalizing these lists, narrowing or resolving differences, and facilitating the ultimate preparation of a Joint Claim Construction Statement.

F.  The parties shall disclose the name, address, and vita of each expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **March 6, 2014.**  If a party discloses an expert witness on this deadline, any party that did not identify an expert witness on this deadline may disclose the name, address and vita of an expert witness whom they intend to use in support of their *Markman* brief and/or call at the *Markman* hearing on or before **March 11, 2014**.

G.  On or before **March 6, 2014** the parties shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes.  Each such "Preliminary Claim Construction" shall for each

7

element which any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) corresponding to that element. By the same date, the parties also shall provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient or expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not produced. With respect to any percipient witness, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

**H.** Within **10 days** after service of the statements of preliminary claim construction, the parties shall meet and confer to discuss issues relating to claim construction. During this meeting, the parties shall confer for the purposes of narrowing or resolving differences and facilitating the ultimate preparation of a Joint Claim Construction Statement.

**I.** If plaintiff(s) identified a *Markman* expert, plaintiff(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B), on or before **April 15, 2014**.

**J.** If defendant(s) identified a *Markman* expert, defendant(s) shall serve the expert report required by Fed. R. Civ. P. 26(a)(2)(B) within 30 days after plaintiff(s) serves its expert witness disclosure; or if none, defendant(s) shall make its expert disclosures on or before **May 15, 2014**.

**K.** The parties shall file a Joint Claim Construction Statement on or before **May 26, 2014,** if a *Markman* expert is identified or no later than **March 26, 2014** if a *Markman* expert is not identified. The Joint Claim Construction Statement shall contain the following information: (a) the construction of those claims, terms, phrases, or clauses on which the parties agree; (b) each party's proposed construction of each disputed claim, term, phrase, or clause; (c) the anticipated length of time necessary for the *Markman* hearing; and (d) whether any party proposes to call one or more witnesses, including experts, at the *Markman* hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

**L.** **The parties agree that a settlement conference before the assigned magistrate judge is appropriate. The parties, however, dispute when the settlement conference should occur, set forth as follows.**

**Plaintiff CRC**

**Plaintiff requests that the settlement conference be held by October 15, 2013 or as soon thereafter as the Court finds practical.**

**Defendant AFCS**

**Defendant requests that the settlement conference be held approximately 10 days after the parties file the Joint Claim Construction Statement.**

[Defendant bases its deadline on the Model CMP. Defendant cannot adequately assess this case until Plaintiff puts forth its infringement contentions and the parties determine which claim terms are in conflict. Thus, it makes no sense for Plaintiff to unilaterally drag Defendant to mediation before it is ready. If at some point the parties agree, prior to the Joint Claim Construction Statement, that they are ready to mediate, the parties can request this Court to hold a mediation.]

**M.**  *Markman* Briefing

Track 1

The parties shall file initial *Markman* briefs on or before **June 16, 2014,** if a *Markman* expert is identified or no later than **April 15, 2014** if a *Markman* expert is not identified and reply *Markman* briefs **30 days** later.

**N.**  The parties should anticipate that a *Markman* hearing will be held approximately **July 31, 2014** if a *Markman* expert is identified or no later than **June 2, 2014** if a *Markman* expert is not identified].

**O.**  Not later than **15 days after the court's *Markman* decision**, the court shall set a case management plan conference at which Phase II dates and trial date will be set.

**P.**  Each party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall: (i) Produce the opinion(s) and any other documents relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived; and (ii) Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection. This will be completed on or before _____ [no later

9

      than **30 days after the court's** *Markman* **decision** -*Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

      A party opposing a claim of patent infringement who does not comply with these requirements shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement absent a stipulation of all parties or by order of the court, which shall be entered only upon a showing of good cause.

**Q.**    A party claiming patent infringement may serve "Final Infringement Contentions" that amend its Preliminary Infringement Contentions if that party in good faith believes that the court's Claim Construction Ruling or the documents produced by the other part(ies) during the course of discovery so require. These shall be filed on or before _____ [within **30 days after the court's** *Markman* **decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

**R.**    Plaintiff(s) shall serve (but not file with the court) on or before _____ [no later than **30 days after the court's** *Markman* **decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* a statement of damages to be sought at trial, if any, and make a settlement demand. Defendant(s) shall serve (but not file with the court) a response thereto within **30 days** after receipt of the demand.

**S.**    All parties shall file and serve their final witness and exhibit lists on or before _____ [no later than **30 days after the court's** *Markman* **decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]*. **These lists shall be updated (narrowed) every 30 days until trial witness lists are filed.** The final witness lists shall include a brief description of each witness' anticipated testimony and certification by counsel that each witness has either been deposed in this action or interviewed by counsel.

**T.**    On or before _____ [no later than **60 days after the court's** *Markman* **decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling]* each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Invalidity Contentions" if: (i) a party claiming patent infringement has served "Final Infringement Contentions," or (ii) the party opposing a claim of patent infringement

10

    believes in good faith that the court's Claim Construction Ruling so requires.

**U.**    Amendment or modification of the Preliminary or Final Infringement Contentions or the Preliminary or Final Invalidity Contentions, other than as expressly permitted herein, may be made only by order of the court, which shall be entered only upon a showing of good cause.

**V.**    On or about _____ [**120 days after the court's** *Markman* **decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] all fact discovery shall be completed

**W.**    The party with the burden of proof on an issue shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before _____ [**no later than 150 days after the Markman ruling**].  The party not bearing the burden of proof shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before _____ [**30 days after the opposing party serves its expert witness disclosure**]; or if the party with the burden of proof has disclosed no experts, the opposing party shall make its expert disclosure on or before [**no later than 180 days after the Markman ruling**].

**X.**    If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel **no later than 60 days** prior to the dispositive motion deadline.  If such expert disclosures are filed the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

**Y.**    All dispositive motions shall be filed on or before _____ [**210 days after the court's** *Markman* **decision** - *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*] and shall be briefed pursuant to Local Rule 56-1.

- **Z.** All expert discovery shall be completed on or before _____ [**210 days after the court's *Markman* decision -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*].

- **AA.** Any party who believes that bifurcation at trial is appropriate with respect to any issue or claim shall file a motion to that effect as soon as practicable, but in no event later than _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

- **BB.** Any motions to exclude or limit expert testimony at trial (*Daubert* motions) shall be filed on or before _____ [**120 days prior to trial -** *Note: no date needs to be supplied for this subparagraph until after the Markman ruling*]; responses shall be filed **within 15 days**; replies shall be filed **within 10 days**.

- **CC.** The court will schedule a case management conference approximately **320 days after the court's *Markman* decision**.

- **DD.** Discovery of electronically stored information ("ESI"). If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting. (also available in MS Word on the court's website at www.insd.uscourts.gov/Judges/CMP_info.htm.)

    If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties' agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

    > In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and

shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**The parties have conferred about ESI and do not believe there will be sufficient volumes of ESI in this case to require the use of the Court's ESI Supplement.**

**(1)   The parties agree that if ESI is produced, it will be produced electronically (e.g., on CD or DVD discs or portable hard drives) in its native format so long as that format is of a commonly used and easily readable type without the need for specialized or uncommon software. The parties specifically agree that documents produced in Outlook, PDF, TIFF, JPEG, Word, Excel, PPT (PowerPoint) and WordPerfect formats are of common format which do not require specialized or uncommon software to read. The parties agree that electronic documents in formats other than those specifically identified above will be produced in both their native format and in hard copy (paper) or PDF format.**

**Notwithstanding the above, to the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements, including providing the data in load files readable with litigation support software.**

**The Parties disagree about metadata, as set forth below.**

**Plaintiff CRC**

**Plaintiff believes that metadata should be produced if it determines after meeting and conferring that load files should be exchanged.**

**Defendant AFCS**

**Defendant does not believe the Parties should produce metadata (as used herein to refer to electronically stored information about a document that does not appear on the face of the original document if emailed or printed) unless a requesting party can show a justifiable need for such information and it would not be unreasonable, unduly burdensome, or expensive for the producing party to provide the requested documents.**

**(2)   The parties agree to the Court's proposed claw back provision above.**

**(3)   The parties plan on filing a Protective Order with the Court in the very near future, to protect the parties' confidential information.**

### IV.   Referral to Magistrate Judge

At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial. [If the parties consent to the referral of this case to the Magistrate Judge, they must file signed consents. Should this case be reassigned to another Magistrate Judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect.]

### V.   Required Pre-Trial Preparation

   A.   **SIXTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

   1.   File a list of witnesses who are expected to be called to testify at trial.

   2.   Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the court and copy to all opposing parties either:

> a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

> b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the court with any trial briefs, along with all proposed jury instructions, *voir dire* questions, and areas of inquiry for *voir dire* (or, if the trial is to the court, with proposed findings of fact and conclusions of law).

6. File any motions in limine, which shall be briefed according to Local Rule 7-1.

7. Notify the court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **THIRTY DAYS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the

>opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the court's immediate attention to allow adequate time for editing of the deposition prior to trial.
>
>3.   File any objections to proposed instructions and *voir dire* questions submitted by the opposing parties.
>
>4.   Notify the court and opposing counsel of requests for separation of witnesses at trial.

## VI.   Other Matters

Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the bases or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

The parties shall agree that: (A) drafts of expert reports **will not** be retained and produced; and (B) inquiry **is not** permitted into who, if anyone, other than the expert participated in the drafting of his/her report. The court will not entertain motions on these two issues. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted.

At the final pretrial conference, the parties will inform the court whether the parties agree that the video "An Introduction to the Patent System," distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Exhibit numbering shall, to the extent possible, be maintained with a single and unique exhibit number throughout the entire case. A party first marking a document as an exhibit (whether with a pleading or declaration, for a deposition or trial, or otherwise) shall mark it, and the parties shall cooperatively track which documents are so marked, and shall thereafter use that exhibit numbering for all purposes. While it is preferable to have exhibits marked sequentially, the parties may also agree to ranges of exhibit numbers for their respective, initial marking. If the same document is marked with more than one exhibit number inadvertently, such multiple exhibit numbers shall remain. The parties are not to mark exhibits as letters, but may, and are encouraged to, mark related

documents (such as duplicates with different bates numbers, or related versions of the same document) with numbers followed by letters (e.g. Exh. 7, Exh. 7-A, and Exh. 7-B).

[Insert any other matters any party believes should be brought to the Court's attention]

**Plaintiff's Additional Considerations**


**AFCS Additional Considerations**


/s/ Gregory J. Myers
Gregory J. Myers
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
Facsimile: 612-339-0981
gjmyers@locklaw.com

*Co-Counsel for Plaintiff*

/s/ Shawn M. Perry
Shawn M. Perry
PERRY & PERRY, P.L.L.P.
Parkdale Plaza, Suite 336
1660 Highway 100 South
Minneapolis, MN  55416
Telephone:  952-546-3845
Facsimile:  952-546-3855
shawn.perry@pppllp.com

*Co-Lead Counsel for Plaintiff*


/s/ Arend J. Abel
Arend J. Abel (10763-49)
Michael J. Blinn (28473-49)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593

aabel@cohenandmalad.com
mblinn@cohenandmalad.com

*Co-Counsel for Plaintiff*

**Counsel for Defendant:**
/s/ Peter S. Veregge
Peter S. Veregge (pro hac vice)
CISLO & THOMAS LLP
1333 2nd Street, Suite 500
Santa Monica, California 90401
(310) 451-0647
(310) 394-4477 (fax)
pveregge@cislo.com

*Co-Counsel for Defendant*

/s/ Todd G. Vare
Todd G. Vare
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, IN 46204
(317) 236-1313
(317) 231-7433 (Facsimile)
tvare@btlaw.com

*Co-Counsel for Defendant*

|  | PARTIES APPEARED IN PERSON/BY COUNSEL ON MAY 31, 2013 FOR A PRETRIAL/STATUS CONFERENCE. |
| --- | --- |
|  | APPROVED AS SUBMITTED. |
|  | APPROVED AS AMENDED. |
|  | APPROVED AS AMENDED PER SEPARATE ORDER |
|  | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|  | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE |

|  | SHORTENED/LENGTHENED BY _____ MONTHS. |
|---|---|
|  | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. A FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____. |
|  | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M.  COUNSEL SHALL APPEAR: |
|  | _____ IN PERSON IN ROOM _____; OR |
|  | _____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR |
|  | _____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (_____) _____. |
|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN. |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**


Date: _____, 2013

_____
THE HONORABLE TIM A. BAKER
UNITED STATES MAGISTRATE JUDGE
U. S. District Court
Southern District of Indiana

19